IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


BRIAN D. DUBUC                                                                  PETITIONER


V.                              Civil No. 2:23-cv-02044-PKH-MEF


SHERIFF RANDY SHORES,
SCOTT COUNTY, ARKANSAS                                                          RESPONDENT


## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a

Person in State Custody filed by Petitioner, Brian D. DuBuc ("DuBuc"), on March 29, 2023. (ECF

No. 2). The matter is currently before the Court for review pursuant to Rule 4 of the Rules

Governing § 2254 cases.

### I.      Background

According to DuBuc's § 2254 Petition, he was found guilty of Criminal Mischief – Second

Degree and Disorderly Conduct on July 20, 2022, in the District Court for Scott County, Arkansas.

(ECF No. 2, p. 1). DuBuc states he was sentenced to "jail time and fines resulting in jail time if

not paid in restraint." *Id*. Public source documents[1] reflect that DuBuc was found guilty of these

two offenses on July 20, 2022, in the case styled *State v. Brian D. DuBuc*, Case No. WAS-21-1202,

and that he appealed the convictions and sentences to the Circuit Court of Scott County, Arkansas.

A Sentencing Order entered by the Circuit Court on September 20, 2023, reflects a finding of guilt

---

[1] The Court located DuBuc's state court case information on caseinfo.arcourts.gov. References to the state proceedings are taken from this information.

on both charges; that DuBuc was ordered to pay fines and court costs totaling $1,380.00; that no jail time was imposed; and it was noted, "[b]ased on the defendant's failure to appear on his misdemeanor appeal based on 16-96-508, the Judge enters sentence the same as from District Court."

On March 29, 2023, DuBuc filed his *pro se* Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody. (ECF No. 2). He asserts two grounds for relief: (1) that he was deprived of his right to appeal through no fault of his own; and (2), that he was exercising his First Amendment rights on private property and is actually innocent of the charged offenses. (ECF No. 2, pp. 5-11). In the Civil Cover Sheet accompanying his § 2254 Petition, DuBuc lists an address in Waldron, Arkansas, as his place of residence. (ECF No. 1, p. 2).

## II.      Discussion

Because DuBuc does not satisfy the threshold jurisdictional "in custody" requirement of 28 U.S.C. § 2254 and Rule 2, Rules Governing § 2254 Proceedings, this Court lacks subject matter jurisdiction, and it is RECOMMENDED that this action be summarily dismissed.

28 U.S.C. § 2254(a) provides that a district court "shall entertain an application for a writ of habeas corpus in behalf of a person *in custody pursuant to the judgment of a State court* only on the ground that he is *in custody* in violation of the Constitution or laws or treaties of the United States." (Emphasis added).

Rule 2, Rules Governing § 2254 Proceedings, similarly requires that a petitioner seeking relief be in custody, or be subject to future custody, under the state-court judgment being contested.

The United States Supreme Court has made clear that the federal habeas statute gives the United States district courts jurisdiction to entertain petitions for habeas relief only from persons who are "*in custody* in violation of the Constitution or laws or treaties of the United States." *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2254(a)) (emphasis added).  The Supreme Court further explained, "[w]e have interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed."  *Id.* at 490–91 (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)).  *See also Flittie v. Solem*, 822 F.2d 325, 327-28 (8th Cir. 1989) (holding that *Maleng* controls where defendant has long since fully served his sentence); and, *Mainali v. Virginia*, 873 F.Supp.2d 748, 750 (E.D. VA. 2012) (*Maleng* has made "unmistakably clear" that a § 2254 petitioner must, at the time his petition is filed, be "in custody" pursuant to the contested state conviction or sentence).

To support a finding that a petitioner is "in custody" for purpose of federal habeas corpus jurisdiction in a fine-only case, "[t]here must be present some sort of supervisory control over the defendant, that is, defendant's conduct must be subject in one degree or another to the direction of judicial officers[,]" and/or "[t]he existence of an imminent possibility of incarceration without formal trial and conviction."  *Spring v. Caldwell*, 692 F.2d 994, 997-98 (5th Cir. 1982) (citing *Whorley v. Brilhart*, 359 F.Supp. 539, 541-42 (E.D. Va. 1973)).  As in the *Spring* case, supervisory control by state judicial officers is entirely lacking in the instant case.  DuBuc is not out on bail, on probation or parole, nor is he subject to a suspended jail sentence.  There are no conditions or restraints on his liberty arising from the sentences imposed upon him for the two misdemeanor convictions.  DuBuc was sentenced to fines only.

DuBuc's allegation that the fines may result "in jail time if not paid in restraint" does not change the result.  Any incarceration at that point would be a penalty for contempt and would be

–3–

separate from the convictions DuBuc now seeks to challenge. *See Duvallon v. Florida*, 691 F.2d 483, 485 (11th Cir. 1982); *Spring*, 692 F.2d at 998 ("… by paying the fine, Spring will be able to avoid his incarceration altogether.  He truly holds the keys to the jailhouse door.").

DuBuc is not currently, nor was he at the time his § 2254 Petition was filed, *in custody* pursuant to the state court judgment he is challenging.  Accordingly, the Court does not have subject matter jurisdiction to consider his federal habeas claims, and his § 2254 petition should be dismissed with prejudice.

A Certificate of Appealability may issue under 28 U.S.C. § 2253 only if the applicant has made a substantial showing of the denial of a constitutional right.  A "substantial showing" is one demonstrating that reasonable jurists could debate whether the petition should have been resolved in a different manner or the issues presented deserved further proceedings even though the petitioner did not prevail on the merits in the court considering his case at present.  *Slack v. McDaniel*, 529 U.S. 473 (2000).  DuBuc has not made a substantial showing of the denial of a constitutional right in this case, and a Certificate of Appealability should be denied.

### III.    Conclusion

For the reasons and upon the authorities discussed above, this Court does not have subject matter jurisdiction of the habeas corpus petition DuBuc has brought under 28 U.S.C. § 2254.  It is, therefore, RECOMMENDED that DuBuc's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 2) be **DISMISSED with PREJUDICE**.  It is further recommended that a Certificate of Appealability be denied.

**The parties have fourteen (14) days from receipt of this Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties**

–5–

**are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 12th day of May 2023.

/s/  *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE